## ALO vs. J. D. BLAIR and F. MANINI.

The Court intimated an opinion that the usual recital in a deed, acknowledging the receipt of the consideration, is only *prima facie* evidence of payment, and open to explanation.

If a vendor sell an estate representing it to be in a flourishing condition, when in fact it is a wreck, the sale is fraudulent, and the buyer may either rescind the sale, or take the property at a proportional reduction of the price.

This was an action brought to recover the sum of $2,000 and interest, the plaintiff alleging that in May, 1853, he sold a certain sugar plantation to the defendants on the Island of Kauai, for the above sum, which they had never paid. The plaintiff offered in evidence a deed from him to the defendants, conveying the plantation in consideration of the sum of $2 000, "*to him in hand paid.*" Whereupon the defendant contended that the recital in the deed that the money had been paid to the plaintiff, was conclusive evidence of the payment, and that the plaintiff was estopped from denying that the money had been paid.

The Court said, that this was the first time this important question had been raised in this Court, and that it was not prepared to give a permanent decision in the matter without serious consideration. The English rule regarded such a recital as conclusive evidence of payment, while the American courts treated the recital of the amount of money paid, like the mention of the date of a deed, the quantity of land, and other recitals of like nature, to which the attention of the parties is supposed to have been but slightly directed, and to which, therefore, the principle of estoppels does not apply. The American rule was that such recital is only *prima facie* evidence of payment, and open to explanation by the grantor. The American doctrine, the Court said, was, in its opinion, the one which should be adopted in this country, as any other would work great injustice. There was some evidence of misrepresentation on the part of the plaintiff as to property sold, and the defendants contended that they were led to believe that there were fifty acres of sugar cane growing on the plantation, fit for grinding, and mills, cattle, carts, &c., &c., sufficient to take in the crop, and these articles were set forth in the deed as having been sold with the plantation. Upon going down to Kauai to take possession of the plantation, it was shown that the defendants found the estate a perfect wreck, and that the cattle, carts, &c. &c., had no existence. The Court charged the jury that if the plaintiff had made any misrepresentation of material facts, whereby the defendants were deceived, the contract was null. The grantor must not say or do any thing to mislead the purchaser, for, if he did, the sale would not be binding. If a vendor should sell an estate, representing it to be in a flourishing condition, when in fact it was a wreck, the sale would be fraudulent, and should be set aside. So, also, if the subject matter of a sale do not exist at the time of the sale, neither party is bound thereby, although the fact was unknown when the sale was made. And that if the property was partially destroyed at the time of the sale, the buyer had his election either to rescind the sale, or take the property at a proportioned reduction of the price.

Verdict for the defendants.

Mr. Harris and Mr. Montgomery for plaintiff.

Mr. Blair for defendants.